**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11526-KK-AGRx** | | Date: | February 5, 2026 |
|---|---|---|---|---|

| Title: | ***Shelia M. Bolar v. Stephen L. Cooley et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I.
## PROCEDURAL HISTORY

On December 1, 2025, plaintiff Shelia M. Bolar ("Plaintiff") filed a Complaint against defendants Stephen L. Cooley, Jacquelyn P. Lacey, George Gascon, Los Angeles County, District Attorneys Office of Los Angeles County, Kris Carter, Erica Dennings, Noel Jones, and the Federal Bureau of Investigations ("Defendants"), asserting various claims arising under the United States Constitution and California state law.  ECF Docket No. ("Dkt.") 1.  On the same day, Plaintiff filed a Request to Proceed In Forma Pauperis ("Request").  Dkt. 2.

On December 11, 2025, the Court issued an Order postponing ruling on Petitioner's Request.  Dkt. 4.  In the December 11, 2025 Order, the Court ordered Plaintiff to file within 30 days a "First Amended Complaint that contains a short and plain statement of the claim against each defendant showing that plaintiff is entitled to relief, and that describes the relief sought," noting the Complaint "does not contain any factual allegations showing any basis for relief against any defendant."  Id. (citing Fed. R. Civ. P. 8(a)(2), (3)).  The Court further warned "this case may be dismissed" if Plaintiff "does not provide the information or authorization within 30 days."  Id.

To date, Plaintiff has not filed a First Amended Complaint or otherwise responded to the Court's December 11, 2025 Order.  Plaintiff is, therefore, in violation of the Court's December 11, 2025 Order.  See dkt. 4.

---

**JS-6**

///

**II.**

**<u>DISCUSSION</u>**

It is well established that district courts have <u>sua sponte</u> authority to dismiss actions for failure to prosecute or comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) <u>sua sponte</u>); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order).  In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)), <u>overruled on other grounds by</u> <u>Langere v. Verizon Wireless Servs., LLC</u>, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not filed a response to the Court's December 11, 2025 Order.  Dkt. 4.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  <u>See</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to comply.  <u>See</u> dkt. 4.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown Plaintiff is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, <u>see</u> <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, <u>see</u> dkt. 4.

**JS-6**

///

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**

---